UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE DE JESUS RAMIREZ SANCHEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

) No. 5:26-cv-04099-JDE
)
)
) ORDER REGARDING PETITION
)
)
)
)
)
)
)
)

**I.**

**PROCEEDINGS**

On July 22, 2026, Jose De Jesus Ramirez Sanchez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus challenging his detention by immigration authorities without a bond hearing. Dkt. 1 ("Petition" or "Pet."). Petitioner, a native and citizen of Mexico, entered the United States in 2004. Id. at 2. He was detained by immigration authorities on June 23, 2026 on his way home from work and issued a Notice to Appear, charging him with inadmissibility pursuant to Immigration and Nationality Act ("INA") Section 212(a)(6)(A)(i). Id. at 2, 7. He argues that his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A); and his mandatory

detention under Section 1225(b)(2)(A) violates the Due Process Clause, the INA, and the Administrative Procedure Act ("APA"). Id. at 4, 8-11. As for relief, Petitioner seeks his immediate release, or alternatively, an individualized bond hearing before a neutral immigration judge ("IJ") within seven days at which the government bears the burden of proof by clear and convincing evidence and the IJ must consider less restrictive alternatives to detention; and a declaration that his detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful. Id. at 11-12.

Per the Notice of General Order 26-05 and Briefing Schedule issued on July 22, 2026 (Dkt. 5), Respondents' Answer to the Petition was due on July 29, 2026. Respondents did not file a timely Answer. As no Answer was filed, a Reply is unnecessary and the Court proceeds to rule on the Petition.

For the reasons discussed below, the Petition is granted, in part.

## II.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

As noted, Petitioner contends his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). The Ninth Circuit agrees. On July 30, 2026, the Ninth Circuit found that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)," rejecting the government's

2

position that unadmitted noncitizens present in the interior of the country are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). Rodriguez Vazquez v. Bostock, -- F.4th --, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). As Petitioner is an unadmitted noncitizen, who was "present in the interior of the country" when he was detained, Petitioner is subject to 8 U.S.C. § 1226. See id. at *26. Respondents have not claimed otherwise.

This finding is consistent with an earlier class action in this district, Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"), of which Petitioner is a class member. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). The "Bond Eligible Class" is defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Bautista, Dkt. 93 at 51. Judge Sykes held that Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Id., Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1. The briefing schedule in the Ninth Circuit was suspended pending the decision in Rodriguez Vazquez. Id., Dkt. 19.1.

As noted, Petitioner seeks release or alternatively a bond hearing under 8 U.S.C. § 1226(a). Typically, the remedy for the Bond Eligible Class is consideration for bond under 8 U.S.C. § 1226(a). Petitioner does not explain why he is entitled to more expansive relief. In Bautista, Judge Sykes granted relief on Petitioners' claims alleging that mandatory detention violated 8 U.S.C. § 1226(a), the governing bond regulations, and the APA. Bautista, Dkt. 94. Petitioner raises similar claims. As such, as to those claims, he would be entitled to a bond hearing consistent with the relief afforded other Bautista class members.

Petitioner also raises a due process challenge, arguing that application of Section 1225(b)(2)(A) without individualized review violates the Fifth Amendment's Due Process Clause as "[t]he government's categorical denial of bond hearings to long-term residents, based solely on its re-characterization of them as 'arriving aliens,' is arbitrary and disproportionate to any legitimate immigration purpose." Pet. at 9. Again, however, Petitioner does not explain how any such due process violation would entitle him to anything beyond a bond hearing at this time. Even assuming a significant liberty interest exists, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has not shown that a prompt post-detention bond hearing, where he is afforded the opportunity to challenge his detention, is inadequate to safeguard that liberty interest or that release is the appropriate remedy.

Accordingly, Petitioner should be treated as other members of the Bautista class.[1] Petitioner's detention is governed by 8 U.S.C. § 1226(a) and he

---

[1] To the extent Petitioner requests immediate release because he is being held "virtually incommunicado" and based on the conditions of confinement at Adelanto (Pet. at 2, 11), Petitioner has not shown such relief is available on such conclusory assertions or properly pursued by means of a petition for writ of habeas corpus.

is entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing. Although Petitioner requests that the government bear the burden of proving he is a flight risk or danger by clear and convincing evidence, the Ninth Circuit held in Rodriguez Vazquez that "[a] § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." 2026 WL 2196424, at *5. As such, Petitioner's bond hearing shall be conducted in accordance with the Ninth Circuit's decision in Rodriguez Vazquez.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered:

(1)    granting the Petition, in part, ordering Respondents to (a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Jose De Jesus Ramirez Sanchez (A# 221 462 481)** within seven (7) days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or (b) release Petitioner from custody subject only to narrowly tailored conditions of release no more restrictive than necessary to ensure his appearance as required and to protect the community, if any, if he is not timely provided with the aforementioned bond hearing; and

(2)    denying the Petition as to all other requests for substantive relief with prejudice; however, nothing herein precludes Petitioner from asserting future claims, in an appropriate forum, based on a change in circumstances.

Dated: July 31, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge